## Louia MCKENZIE, A/K/A Louis A. Mckenzie, Appellant,

### v.

### UNITED STATES, Appellee.

### No. 04–CO–291.

District of Columbia Court of Appeals.

Submitted March 17, 2005.

Decided March 31, 2005.

Louia McKenzie, pro se.

Kenneth L. Wainstein, United States Attorney, and John R. Fisher, Susan Cushman, and Chrisellen R. Kolb, Assistant United States Attorneys, were on the brief for the appellee.

Before WAGNER, Chief Judge, and TERRY and GLICKMAN, Associate Judges.

PER CURIAM.

Louia McKenzie appeals from the denial of his *pro se* motion to vacate his sentence. He contends that he received an illegal sentence when the trial court imposed two concurrent, mandatory minimum terms of fifteen years in prison pursuant to D.C.Code § 22–3202(a) (1981) following his convictions for assault with intent to kill while armed and armed robbery.[1] The trial court denied appellant's motion on the ground that this court had addressed it previously in *McKenzie v. United States*, 659 A.2d 838 (D.C.1995).

Acknowledging that we did not address appellant's illegal sentence claim in the direct appeal, the government admits that the trial court was in error. Moreover, the government now concedes that appellant's two concurrent, mandatory minimum fifteen-year terms were not authorized by D.C.Code § 22–3202(a) and hence were illegal. The government accordingly asks us to remand the case for the trial court to correct the mandatory minimum designation in appellant's sentence to reflect that § 22–3202(a) permits only a five-year mandatory minimum term for each offense.

In his briefs in this court, appellant raises several other challenges to his convictions and sentence. As appellant did not present these other challenges to the trial court, they are not properly before us and we shall not consider them. *See Wu v. United States*, 798 A.2d 1083, 1091 n. 13 (D.C.2002).

We reverse the denial of appellant's motion to vacate his sentence and remand

---

1. The trial court originally imposed two concurrent sentences of twenty-years-to-life in a judgment and commitment order dated September 14, 1993. The court subsequently issued a corrected judgment and commitment order imposing concurrent sentences of fifteen-years-to-life, each with a mandatory minimum term of fifteen years.

with directions to the trial court to resentence appellant in accordance with law.

*So ordered.*